# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMIYAH ROBINSON,

        Plaintiff,

v.                                                              Case No:   6:23-cv-1313-PGB-LHP

JOSHUA NATHAN PAYNE and
CITY OF TITUSVILLE, FLORIDA,

        Defendants

_____

## ORDER

Before the Court is Defendant, City of Titusville's, Second Renewed Motion to Compel Plaintiff's Production of Decedent's Cellphones.   Doc. No. 72.   Plaintiff responds in opposition.   Doc. No. 73.   Upon consideration, and for the reasons that follow, the motion will be grant in limited part and denied in its remainder.

## I.    BACKGROUND.

This case involves the fatal shooting of James Lowery ("Decedent"), by a police officer of the Titusville Police Department, Defendant Joshua Nathan Payne. Doc. No. 1.   Plaintiff Jamiyah Robinson, Decedent's daughter, brings this case pursuant to 42 U.S.C. § 1983 against Defendants Payne and the City of Titusville ("the City"), as the personal representative of Decedent's estate.   *Id.*   Plaintiff

alleges, among other things, "pecuniary loss, including medical and funeral expenses, loss of kinship, aid, counsel, guidance, advice, assistance, and protection and support." *Id.* ¶ 63.

The case was initially stayed during underlying criminal proceedings against Defendant Payne, but those proceedings have since concluded, and the stay was lifted on December 30, 2024. Doc. Nos. 34, 48–49. The case has proceeded in the ordinary course since that time, and discovery is set to close on October 6, 2025. Doc. No. 51.

By the present discovery motion, the City seeks to compel Plaintiff to produce Decedent's cellphones for forensic examination. Doc. No. 72. In support, the City points to a request for production of documents from January 3, 2025, in which it requested from Plaintiff: "Any and all documents and material evidence that Plaintiff believes proves that the decedent provided support to the Estate's beneficiaries and survivors." *Id.* at 2; *see* Doc. No. 72-1, at 2 ¶ 3. Plaintiff responded, "None at this time. Investigation continues." *Id.* Plaintiff did not assert any objections to this request.

The City says that during discovery, it expressed interest in examining Decedent's cellphones, and Plaintiff objected, stating that she would consider only targeted requests in lieu of a forensic examination. Doc. No. 72, at 2; *see also* Doc. No. 72-1, at 13–16. The City then said it would forego forensic examination if

Plaintiff brought the cellphones to her deposition. *Id.* Apparently, Plaintiff did not,[1] but the City learned at her deposition that the cellphones were in the possession of Plaintiff's aunt, Johari Brown. *Id.* The City then noticed Ms. Brown's deposition duces tecum, to include a production of the cellphones. *Id.*; *see* Doc. No. 72-1, at 26–28 (notice of deposition). But Ms. Brown was unaware of the production request and did not produce the cellphones at deposition. Doc. No. 72, at 2. The City again asked Plaintiff to produce the cellphones on August 25, 2025, agreeing to limit the request to the content of the phone 48 hours prior to the shooting. *Id.* Plaintiff did not produce. *Id.*

So, the City now seeks to compel Plaintiff's production of the cellphones for forensic examination. *Id.* The City alternatively requests to inspect the cellphones without forensic examination for a period of 30 days prior to and up to the shooting, or at minimum, 48 hours prior to the incident. *Id.* at 5. The City says that absent forensic examination or inspection, Plaintiff should be required to withdraw any claims for loss of Decedent's support, companionship, services, and net accumulations. *Id.* Plaintiff opposes. Doc. No. 73.

---

[1] The City provides no further information, nor does the City provide a notice of deposition for Plaintiff or a transcript of that deposition. Doc. No. 72; *see also* Doc. Nos. 65, 68.

## II.    LEGAL STANDARDS.

"Discovery into electronically stored information, including forensic examinations, is subject to the scope of discovery under Rule 26(b)."    *Garrett v. Univ. of S. Fla. Bd. of Trustees*, No. 8:17-cv-2874-T-23AAS, 2018 WL 4383054, at *2 (M.D. Fla. Sept. 14, 2018) (citations omitted).    In this District, "[i]nspection of an opponent's computer system is the exception, not the rule and . . . should only be sought in exceptional circumstances which warrant the burden and cost."    Middle District Discovery (2021) § (VIII)(E).    "When determining whether a forensic examination is warranted, the Court considers both the privacy interests of the parties whose devices are to be examined and, also, whether the parties withheld requested discovery, will not search for requested discovery, and the extent to which the parties complied with past discovery requests."    *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 WL 6731027, at *2 (M.D. Fla. Sept. 2, 2020) (citing *Garrett*, 2018 WL 4383054, at *2).    "Mere speculation that electronic discovery must exist is insufficient to permit forensic examination of a party's personal computer or cellphone."    *Garrett*, 2018 WL 4383054, at *2.    Rather, "[c]ourts in this circuit permit forensic examinations where clear evidence exists that the party responding to discovery defaulted on its discovery obligations."    *Id.* at *3 (collecting cases).

## III.   DISCUSSION.

In its motion, the City does not address the standards for forensic examinations in this District.   *See* Doc. No. 72.   Instead, the City relies on an out-of-district decision, *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-03129-CAP, 2021 WL 2476470 (N.D. Ga. May 14, 2021).   *Id.* at 3.   The City argues that like in *Collins-Williams*, it is entitled to review the cellphones for three reasons: (1) to demonstrate that Decedent's purpose and actions on the night of his death were the cause of his damages; (2) to demonstrate that Decedent did not regularly communicate with his daughter and survivors; and (3) to paint a picture of Decedent's life in such a way that would reduce the City's potential liability for damages.   *Id.* at 3–4.   The City also argues that Plaintiff does not have standing to assert the privacy rights of Decedent, and even if she did, Plaintiff has waived such objection by failing to seek a protective order on its discovery requests or Ms. Brown's deposition notice.   *Id.* at 4.   The City contends that because Plaintiff (Decedent's only child) has put her relationship with Decedent at issue in this litigation, Decedent's cellphones are relevant and discoverable.   *Id.* at 5.

Plaintiff, on the other hand, argues that the City failed to serve any discovery requests in this matter that would require/allow forensic examination of the cellphones, in light of the standards governing discovery of ESI in this District, and the City's failure to demonstrate exceptional circumstances.   Doc. No. 73, at 1, 3, 5–

6.    Plaintiff says that the City agreed to serve additional discovery with more targeted requests regarding the cellphones, but failed to do so, and Plaintiff has never refused to search for ESI responsive to narrowly tailored requests.    *Id.* at 3, 7; *see* Doc. No. 73-1, at 3.    Plaintiff argues that substantial discovery has been conducted in this case, much of which bears directly on the information the City now seeks, to include Plaintiff's and Plaintiff's mother's testimony regarding the nature and frequency of communications with Decedent.    Doc. No. 73, at 7.    In addition, on August 25, 2025, the City offered to accept cellphone data created during the 48 hours prior to Decedent's death but would not agree to forego forensic examination based on same, so Plaintiff refused.    *Id.* at 4.

Based on the discovery at issue and the facts of this case, the Court finds that the City has not demonstrated that a forensic examination of the cellphones would be appropriate.    For one, the Court is not persuaded by the City's reliance on its deposition requests for production of the cellphones.    As to Plaintiff, she objected to the document requests for deposition.    *See* Doc. No. 72-1, at 14.    The City then said: "As to the forensic examination of the cellphones, we can forego that for now, to the extent that Ms. Robinson brings them to her deposition and we can all review them together in order to determine whether or not a forensic examination will be necessary."    *Id.* at 13.    But the City submits no agreement between the parties to actually produce the cellphones at deposition.    Rather, the records submitted

reflect the opposite. *See* Doc. No. 72-1, at 35–37 (back-and-forth between counsel at Ms. Brown's deposition reflecting that there was no agreement to produce the cellphones). And as to Ms. Brown, the Court is not clear why a subpoena would not be required for the production of documents at deposition given that Ms. Brown is a non-party, *see* Fed. R. Civ. P. 45, and in any event, the present motion is against Plaintiff, not Ms. Brown, *see* Doc. No. 72.

For another, the City points to only one request for production to support its request for forensic examination of the cellphones: Request 3 regarding Decedent's support of his estate's beneficiaries and survivors. *See* Doc. No. 72, at 2; *see also* Doc. No. 72-1, at 2 ¶ 3. The City fails to demonstrate, by citation to legal authority or otherwise, that this lone request would entitle it to the forensic examination it seeks. The City's reliance on *Collins-Williams* on this point is unpersuasive. First, it is not clear that the standards for forensic examination of cellphones employed in *Collins-Williams* is the same standard employed by the Courts in this District, particularly in light of the Middle District of Discovery handbook. Second, even if it were, the *Collins-Williams* court rejected a request for a broad-sweeping forensic examination of a cellphone, even though data thereon could have been relevant to the merits of the case.[2]   Indeed, "a request to look into

_____

[2] The Court is not convinced that the City has demonstrated the same here, as although the City says that it seeks to establish "Decedent's purpose and actions on the night of his death were the cause of his damages," the City points to no discovery request

[a decedent's] personal affairs almost without limitation via unfettered access to . . . cellular data is, as another district court phrased it, 'overbroad and unacceptably annoying.'" *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-03129-CAP, 2021 WL 2476470, at *6 (N.D. Ga. May 14, 2021) (quoting *Martinez v. Rycars Const., LLC*, No. CV410-049, 2010 WL 4117668, at *2–3 (S.D. Ga. Oct. 18, 2010)).   Instead, the court limited the scope of the discoverable data to relevant, not overbroad information, which, in that case, included call logs and text messages of the Decedent for limited dates and with limited persons.  *Id*.  Thus, *Collins-Williams* does not support the broad relief requested here—forensic examination of the cellphones without qualification.[3]

 That said, the Court does recognize that there could be information on Decedent's cellphones that could ultimately be relevant to Plaintiff's claimed damages and Request 3 seeking information regarding same, to wit, information

---

to which this argument would apply, and the City relies only on Request 3 regarding Decedent's support of his estate's beneficiaries and survivors, which relates to Plaintiff's damages.  *See* Doc. No. 72, at 2; *see also* Doc. No. 72-1, at 2 ¶ 3.

 [3] Given that the City does not satisfy the standards for forensic examination, the Court finds it unnecessary to reach the issue of whether Plaintiff, as personal representative, has standing to assert the privacy interests of Decedent.  *But see Weaver v. Myers*, 229 So. 3d 1118, 1132 (Fla. 2017) (personal representative of estate "clearly has standing" to assert constitutional right to privacy).   Even so, as discussed below, the Court will *sua sponte* order limited production.  *Cf. Collins-Williams*, 2021 WL 2476470, at *6 (declining to address the standing issue and instead exercising inherent authority under Rule 26(b)(2)(c) "to ensure that the proposed discovery is within the scope contemplated by the Federal Rules of Civil Procedure").

regarding Decedent's "kinship, aid, counsel, guidance, advice, assistance, and protection and support" of Plaintiff.  *See* Doc. No. 1 ¶ 63.[4]  And Plaintiff raised no substantive objections to Request 3.  Doc. No. 72-1, at 2 ¶ 3.  But again, the City's request for forensic examination, or even to allow the City's inspection of the cellphones *in toto* for a limited date range for *all* data on the cellphones, sweeps too far.  *See* Doc. No. 72, at 5; *cf. Collins-Williams*, 2021 WL 2476470, at *6 (similar).

Thus, while the Court would be acting within its discretion to deny the City's motion for failure to serve properly limited requests, or to even address the standards in this District for forensic examinations,[5] the Court declines to do so

---

[4] The City also states that unnamed survivors' relationship with Decedent are also at issue.  Doc. No. 72, at 5.  Absent specific names from the City in this regard, the Court limits its analysis solely to the claims of Plaintiff.

[5] *See, e.g., Howard v. Brightway Ins., Inc.*, No. 3:20-cv-1020-MMH-JBT, 2021 WL 12299441, at *2 (M.D. Fla. June 10, 2021) (denying without prejudice request for forensic examination of cellphones because, among other things, the moving party failed to address the standards required for such forensic examination, relied solely on conclusory assertions, and it did not appear that the non-movant had withheld or refused to search for requested discovery); *Partners Insight, LLC v. Gill*, No. 2:22-cv-739-SPC-KCD, 2023 WL 2864375, at *2 (M.D. Fla. Apr. 10, 2023), *reconsideration denied*, 2023 WL 3028377 (M.D. Fla. Apr. 20, 2023) (denying request for forensic examination of cellphones where the movant failed to address the standards for forensic examination in this district, relied on only conclusory assertions, and failed to go through the necessary discovery process before obtaining the exceptional relief of forensic examination); *Garrett*, 2018 WL 4383054, at *4 (denying motion for forensic examination of personal computer and cellphone without clear evidence that the responding party defaulted on discovery obligations and absent showing of requisite exceptional circumstances necessary for forensic examination); *Klayman v. City Pages*, No. 5:13-cv-143-Oc-22PRL, 2014 WL 5426515, at *4 (M.D. Fla. Oct. 22, 2014) (denying motion for forensic examination because "Plaintiff's mere speculation that more documents must exist is not a sufficient basis for the Court to order an invasive search of Defendants computers and telephone records").

here because the record reflects Plaintiff's willingness to respond to targeted requests for ESI, including text messages, which could provide information relevant to this case. *See* Doc. No. 73, at 2 ("Plaintiff has not refused to search for responsive, relevant ESI housed within [Decedent's] cellphones."); Doc. No. 73, at 8 ("[T]he information that Defendant seeks to discover likely encompasses communications relevant to damages valuation."); Doc. No. 73-1, at 4 ("[T]he case law in this district supports Plaintiff's position that Plaintiff respond to discovery requests by producing responsive text messages like any other document responsive to discovery, subject to the default discovery rules."); Doc. No. 73-1, at 5 ("Plaintiff has said she is willing to produce responsive documents subject to the discovery rules . . . . a forensic examination is inappropriate here.   Let me know if you are willing to consider issuing targeted requests that we would respond to, in lieu of a forensic examination. (This is what Plaintiff has done with Officer Payne.).").

Accordingly, the Court will order a limited production of Decedent's cellphone records that could provide information relevant to Plaintiff's claimed damages and Request 3, to include call logs and text messages between Plaintiff and Decedent for a limited period. *Cf. Collins-Williams*, 2021 WL 2476470, at *6 (*sua sponte* limiting the request for forensic examination of cellphone to production most likely to lead to relevant and not overbroad responsive information for that case

_____

and limiting inspection to data regarding calls and text messages for dates certain and certain telephone numbers); *see also LaCombe v. Walt Disney Parks & Resorts U.S. Inc.*, No. 6:19-cv-835-Orl-40LRH, 2019 WL 13248733, at *4 n.5 (M.D. Fla. Nov. 1, 2019) ("The Court may limit discovery *sua sponte* or by motion when the discovery sought is outside the scope permitted by Rule 26(b)(1)." (collecting authority)).

## IV.    CONCLUSION.

For the reasons set forth herein, it is **ORDERED** as follows:

1.    Defendant, City of Titusville's, Second Renewed Motion to Compel Plaintiff's Production of Decedent's Cellphones (Doc. No. 72) is **GRANTED in part and DENIED in part**.

2.    It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff shall produce to the City, with regard to Decedent's cellphones, call logs and copies of text messages for November 26, 2021 (30 days prior to the shooting) through December 26, 2021 (the date of the shooting/Decedent's death), for all calls and text messages between Plaintiff and Decedent during that time period.

3.    The City's motion, to include its request for forensic examination of the cellphones, is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on September 19, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record