**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMIYAH ROBINSON,
as Personal Representative of the
ESTATE OF JAMES LOWERY,
Deceased,

Plaintiff,

v. CASE NO.:6:23-cv-01313-PGB-LHP

JOSHUA NATHAN PAYNE, individually
and as an agent and employee of the
Titusville Police Department,

Defendant.
_______________________________________/

**PLAINTIFF'S MOTION TO CERTIFY DEFENDANT PAYNE'S APPEAL AS FRIVOLOUS OR DILATORY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Jamiyah Robinson, as Personal Representative of the Estate of James Lowery, deceased, moves this Court to certify Defendant Joshua Nathan Payne's appeal as frivolous and/or dilatory, deny the anticipated request for stay by Defendant Payne, and keep the final pretrial date of September 15, 2026, and trial term dates of October 5, 2026.

Pursuant to **Local Rule 3.01(g)(1)**, Plaintiff's counsel (John Marrese) and Defendant's counsel (James Jimenez) conferred by emails and phone on September 9, 2026, regarding this motion. Defendant Payne objects to Plaintiff's motion here and plans to move to stay this case.

Plaintiff states the following in support:

## OVERVIEW AND BACKGROUND

On September 8, 2026, at 2:48 p.m., the Court denied summary judgment to Defendant Payne on Plaintiff's claims for excessive force under Section 1983 (Count 1) and battery under Florida state law (Count 2). (Doc. 119.) With respect to the excessive force claim, the Court found facts showing that a jury could find that Defendant Payne used clearly established excessive force when he shot without warning the unarmed, fleeing James Lowery in the back of the head while Lowery was on the ground with his back to Payne. Those findings include that the fact that James Lowery was unarmed (an undisputed fact); that Defendant Payne never saw any weapon on James Lowery (an undisputed fact); that Defendant Payne shot Lowery in the back of the head while Lowery was on the ground with his back to Payne (an undisputed fact); that Defendant Payne pled guilty to criminal manslaughter for shooting and killing Lowery (an undisputed fact); and that the Titusville Police Department found that Lowery had violated use of force policy and perpetrated an unjustified, unreasonable, and excessive shooting of James Lowery (an undisputed fact). (Doc. 119, at 10-11.)

The above facts demonstrate a clearly established Fourth Amendment excessive force violation. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). That conclusion is obvious from the facts presented by Plaintiff and viewed in

the light most favorable to Plaintiff, as they must be on summary judgment and on any interlocutory appeal (though, again, most of the relevant facts are undisputed).

Nonetheless, just two hours after the summary judgment opinion arrived via ECF, at 4:54 p.m., Defendant Payne snap-filed a notice of interlocutory appeal of the Court's denial of summary judgment as to qualified immunity on Plaintiff's excessive force claim. (Doc. 121.)

The notice of interlocutory appeal is frivolous and dilatory. An interlocutory appeal of a denial of qualified immunity requires that the defendant accept the factual findings of the district court. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). The question raised by an appeal must be one purely of law. *Id.* In other words, Defendant Payne must ask the Eleventh Circuit to rule that, on December 26, 2021, it was not clearly established that shooting an unarmed, fleeing man, with his knees on the ground and his back to the officer, in the back of the head, and for which the officer pled guilty to criminal manslaughter, was unconstitutional. That does not pass the straight-face test.

Defendant Payne's snap-filing of this interlocutory appeal is frivolous. It is a naked attempt to delay the inevitable trial of this matter and thereby abuse the qualified right of an interlocutory appeal. It needlessly increases Plaintiff's counsel's attorneys' fees and Plaintiff's costs under 42 U.S.C. § 1988. It

needlessly clogs the Eleventh Circuit's docket in a case that is less than a month from trial and the final judgment that trial will deliver. It needlessly risks the loss of evidence in the form of witnesses dying or moving out of jurisdiction. It needlessly adds to the delay in a case that was already stayed 15 months while Defendant Payne's criminal case pending in state court, resulting in his guilty plead to manslaughter.

Defendant's sham filing does not divest this Court of jurisdiction and should not delay the currently scheduled final pretrial conference (September 15, 2026, at 10:00 a.m.) or trial (October 5, 2026, term). The Court should therefore deny any attempt by Defendant to stay this matter and keep the pretrial and trial dates.

## ARGUMENT

### I. Defendant's Notice of Appeal is frivolous and dilatory and, therefore, the Court should keep the final pretrial and trial date and refuse to stay this matter.

#### A. The district court has the power to certify an interlocutory appeal of qualified immunity as frivolous or dilatory.

A stay pending an interlocutory appeal "need not be granted at the outset if the appeal is frivolous." *Delta T LLC v. Kale Fans Am. S.A. De C.V.*, No. 6:20-cv-170-PGB-EJK, 2021 WL 12092742, at *2 (M.D. Fla. Mar. 4, 2021). "Indeed, the Supreme Court has recognized that a district court's ability to certify interlocutory appeals as frivolous 'enables the district court to retain

jurisdiction pending the summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.'" *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996)).

Both the district court and the appellate court have the jurisdiction to declare an interlocutory appeal frivolous. *Delta T*, 2021 WL 12092742, at *2 (citing *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004)). If this Court denies this motion, Plaintiff may refile it in the Eleventh Circuit. *Id.* at *2, n.5.

"The Eleventh Circuit has not defined 'frivolous' in the context of interlocutory appeals, but several courts within this district have sought guidance from the Seventh Circuit's decision in *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) (discussing frivolous appeals from qualified immunity determinations)." *Id.* at *2. "All circuits to reach the issue have uniformly followed the Seventh Circuit's lead [in *Apostol*], recognizing similar procedures whereby district courts may retain jurisdiction despite the filing of an interlocutory appeal, so long as they certify that the appeal is frivolous or dilatory." *Id.* (citing *BancPass, Inc. v. Highway Toll Admin. L.C.C.*, 863 F.3d 391, 399 (5th Cir. 2017)). An appeal is "frivolous if it is a sham or so baseless that it does not invoke appellate jurisdiction." *Id.* In such cases, "the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Id.*

Accordingly, district courts in the Eleventh Circuit have dismissed appeals as frivolous and/or declined to stay proceedings where the claims on appeal "lack a colorable appealable issue regarding whether Plaintiff's allegations, if proven at trial, would constitute a violation of clearly established law." *Rigdon v. Ga. Bd. Of Regents*, No. CV406-240, 2008 WL 2986389, at *1 (S.D. Ga. Aug. 4, 2008). In *Rigdon*, for example, the district court certified as frivolous three issues in the defendant's appeal of qualified immunity because the legal precepts upon which they were based were clearly supported by legal precedent. *Id.* As such, the court found that the appeal was taken "primarily for purposes of delay," refused to stay the litigation, and kept the trial date. *Id.* at *2.

Similarly, in *Delta T LLC*, this Court denied a motion to stay pending interlocutory appeal in a case involving a preliminary injunction. 2021 WL 12092742, at *2. The defendant appealed the court's denial of its motion to dissolve the preliminary injunction, citing the plaintiff's lack of standing. *Id.* The court noted that the Eleventh Circuit declines to hear appeals "from a denial of a motion to vacate an injunction, where the motion is simply a ploy for extending the time to appeal the original injunction." *Id.* (quoting *Winfield v. St. Joe Paper Co.*, 663 F.2d 1031, 1032 (11th Cir. 1981)). Finding the defendant's motion amounted to "a ploy for extending the time to appeal the original injunction," and because "an appeal

from the Court's denial of the motion to dissolve 'will not be heard'" by the Eleventh Circuit, the court deemed the defendant's appeal frivolous and determined that "a stay of this action is unnecessary." *Id.* at *3; *see also Palmer v. Goss*, No. 02 Civ. 5804(HB), 2003 WL 22519454, at *1 (S.D.N.Y. Nov. 5, 2003) (certifying qualified immunity appeal as frivolous and denying stay of trial pending such appeal); *Est. of Wilson ex rel. Jackson v. Cty. of San Diego*, 729 F.Supp.3d 1039, 1059 (S.D. Cal. 2024) (granting plaintiff's motion to deem qualified immunity appeal frivolous in prison medical case and denying stay).

**B. Defendant's appeal here is frivolous and dilatory because it must argue the absurd legal proposition that shooting an unarmed, fleeing man, fallen to the ground, in the back of the head, for which the officer pled guilty to criminal manslaughter, was *not* clearly established as unconstitutional on December 26, 2021.**

The Officers' right to interlocutory appeal is limited to challenging the issue of law decided by the district court. *Johnson v. Jones*, 515 U.S. 304, 319 (1995). The Officers may not "appeal [the] district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Id.* at 319–20 (1995).

Indeed, a defense of qualified immunity involves two issues: (1) whether there is sufficient evidence to create a genuine issue of material fact regarding

a constitutional violation, and (2) whether the defendant's conduct constitutes a violation of clearly established law." *Rigdon*, 2008 WL 2986389, at *1 (citing *Johnson v. Clifton*, 74 F.3d 1087, 1090-91 (11th Cir. 1996)). However, "[a] public official only has a right to immediate appeal on the second issue, because it is the question of law that constitutes a final, collateral order." *Rigdon*, 2008 WL 2986389, at *1 (citing *Johnson*, 74 F.3d at 1091).

"If only the factual issue is appealed, however, 'the appellate court has no jurisdiction to hear the case.'" *Rigdon*, 2008 WL 2986389, at *1 (quoting *Johnson*, 74 F.3d at 1091); *see also White v. Mesa*, 817 F.App'x. 739, 741 (11th Cir. 2020) (cautioning that the appellate court "may not exercise jurisdiction when the 'issue presented in the qualified immunity context challenges only sufficiency of the evidence relative to a predicate factual element of the underlying constitutional tort'") (quoting *Koch v. Rugg*, 221 F.3d 1283, 1296 (11th Cir. 2000)). "We lack jurisdiction in that circumstance because it 'involve[s] the determination of facts a party may, or may not, be able to prove at trial' and therefore cannot be an 'immediately appealable final decision.'" *White*, 817 F. App'x at 741 (quoting *Koch*, 221 F.3d at 1296) (in turn quoting *Johnson*, 515 U.S. at 313)).

Here, in any interlocutory appeal on qualified immunity, Defendants are bound by and may not contest facts which include among others:

- Mr. Lowery was unarmed and backing away from Defendant Payne toward a fence, then jumped head-first over that fence, and Mr. Payne then shot Mr. Lowery without warning in the back of the head, while the unarmed Mr. Lowery was on the ground with his back to Payne. (Doc. 119, at 10.)
- Defendant Payne pled guilty to criminal manslaughter for shooting Lowery. (*Id.* at 11.)
- The TPD found that Payne's shooting violated department policy, and was unjustified, unreasonable, and excessive. (*Id.* at 11.)

Based on such a record, Defendant Payne has no arguable, good-faith basis to challenge the legal proposition that shooting a fleeing, unarmed man, on the ground with his back to the officer, in the back of the head, without warning, and for which the officer pled guilty to criminal manslaughter, is clearly established unconstitutional excessive force. The proposition is both obvious on its own and, as this court found, supported by Eleventh Circuit precedent. (Doc. 119 at 12; *see also Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015) (finding clearly established that the officer's use of deadly force was unreasonable where he shot at the plaintiff, who was retreating, unarmed, and outside of striking distance, despite the defendant-officer's testimony that the

plaintiff's stance "was more akin to the stance of a trained fighter" and was otherwise "resisting").)

Defendant Payne may not point to his "shooter's posture" testimony as a reason to overturn the Court's decision, as the district court has determined that the facts in the light most favorable to Plaintiff permit the jury to reject that testimony and find that Payne simply shot an unarmed, fleeing man on the ground in the back of the head. To argue otherwise would be an attack on the fact findings of the district court, which Mr. Payne may not do on an interlocutory appeal of qualified immunity.

The only purpose for this filing is delay of the inevitable trial in this matter. This will further delay this, case which was already delayed 15 months, from September 12, 2023, until December 30, 2024, while Defendant Payne's criminal case resulting in his guilty plea to manslaughter pended. This frivolous appeal will also needlessly increase Plaintiff's attorney's fees and expenses under 42 U.S.C. § 1988. Witnesses may die or move out of the jurisdiction during the pendency of this sham appeal, potentially compromising the record for trial. James Lowery's mother is 75 years old and has waited long enough.

For these reasons, the Court should certify this appeal as frivolous and dilatory, deny any stay, and keep the final pretrial date and trial term in this matter.

Respectfully submitted,

Date: September 9, 2026

Jamiyah Robinson, as Personal Representative of the Estate of James Lowery, Deceased

By: /s/ *John Marrese*
John Marrese

Ben Crump
Natalie Jackson
BEN CRUMP LAW
122 S. Calhoun Street
Tallahassee, Florida 32301
(800) 713-1222
ben@bencrump.com
natalie@nataliejacksonlaw.com

Steven Hart*
Brian Eldridge*
John Marrese* (*Lead Counsel Pursuant to L.R. 2.02(a)*)
Paige Smith*
HART MCLAUGHLIN & ELDRIDGE, LLC
One South Dearborn, Suite 1400
Chicago, IL 60603
(312) 955-0545
shart@hmelegal.com
beldridge@hmelegal.com
jmarrese@hmelegal.com
psmith@hmelegal.com

Kevin Edwards*
EDWARDS INJURY LAW
226 Baldwin Avenue
Charlotte, NC 28204
(980) 400-3244
kevin@edwardsinjury.com

*Attorneys for Plaintiffs*

*Under Special Admission